**No. 45765.**—Protest 10072–K of India Products Co. (Los Angeles).

Opinion by Evans, J. The record shows that the merchandise was withdrawn by the importer and sent to the cleaner for the purpose of having the same rehabilitated and that the cleaner was not able to recover anything of value. According to the testimony this is a case of total loss and the merchandise was not abandoned while in customs custody. It was held that this court has no jurisdiction under the provisions of section 563 and the protest was dismissed without prejudice.

**No. 45766.**—Protest 12535–K of W. X. Huber Co. (Los Angeles).

Opinion by Evans, J. It was held that, regardless of the fact that the merchandise was exported, no remission or abatement can be granted because of the provisions of section 558, Tariff Act of 1930. The protest was therefore overruled.

**No. 45767.**—Protests 977314–G, etc., of F. H. Leggett & Co. (New York).

Opinion by Evans, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that an allowance in the weight should have been made for the gelatinous material contained in the tins.

**No. 45768.**—Protests 795785–G, etc., of John V. Carr & Son (Detroit).

Opinion by Evans, J. On the authority of *Lamborn* v. *United States* (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

Before the First Division, April 24, 1941

**No. 45769.**—Protest 990050–G of Minobu Trading Corp. (New York).

Opinion by Evans, J. On the authority of *United States* v. *Davis* (20 C. C. P. A. 305, T. D. 46087) and *Tower* v. *United States* (21 id. 417, T. D. 46943) it was held that the liquidation, being based on a void appraisement, is null and void. The protest was therefore sustained.